# Pennsylvania Gas Company et al., Appellants, v. The Public Service Commission.

*Public Service Company Law—Public Service Commission—Natural gas companies—Valuation rates—Evidence—Sufficiency.*

On an appeal by a natural gas company from an order of the Public Service Commission fixing a valuation for rate making purposes, the order will be affirmed, where the Superior Court, exercising its own independent judgment as to the law and the facts, is satisfied that the findings of The Public Service Commission as to the value of the property are not confiscatory.

On an appeal by a complainant against the increased schedule of rates, the order of the Public Service Commission will be affirmed, where the appellate court is equally divided as to the manner in which the commission arrived at its valuation.

Argued December 13, 1922.   Appeals, Nos. 125, 128 and 129, April T., 1922, by Pennsylvania Gas Company, the City of Erie, and the Burgess and Town Council of the Borough of Warren, from the order of the Public Service Commission of the Commonwealth of Pennsylvania in the case of the City of Erie, and the Burgess and Town Council of the Borough of Warren v. Pennsylvania Gas Company.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed and appeal dismissed.

Complaint against increased schedule of rates filed by Pennsylvania Gas Company.

The facts are stated in the opinion of the Superior Court.

The commission issued the following order:

This matter being before the Public Service Commission of the Commonwealth of Pennsylvania upon complaints and answers on file, and having been duly heard and submitted by the parties and full investigation of the matters and things involved having been had, and the commission having on the date hereof made and filed

of record a report containing its findings of fact and conclusions thereon, which said report is hereby approved and made part hereof;

Now, to-wit, May 24, 1921, it is ordered: That the complaints in these cases be and the same are hereby sustained and that the Pennsylvania Gas Company, respondent, file, post and publish on or before June 15, 1921, upon one day's notice to the public and this commission, a new tariff superseding its existing tariff, which shall be similar in form thereto but shall provide a rate of fifty cents per thousand cubic feet for natural gas in accordance with the finding, determination and conclusion of the commission contained in the foregoing report.

The complainants and the respondent appealed.

*Error assigned,* among others, was the order of the commission.

*J. E. Mullen,* of *Mullen & Woods,* and with him *Gunnison, Fish, Gifford & Chapin, Brooks, English & Quinn,* and *Alexander & Clark,* Attorneys for Pennsylvania Gas Company.

*C. E. Bordwell,* and with him *E. V. MacDonald,* Attorneys for Borough of Warren.

*J. B. Cessna,* and *M. C. Cornell,* and with them *E. M. Murphy,* for City of Erie.

*Frank M. Hunter,* Counsel, and with him *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

PER CURIAM, March 16, 1923:

These three appeals are from the same order of the Public Service Commission in disposing of complaints filed by the City of Erie and the Borough of Warren

against a schedule of rates filed by the Pennsylvania Gas Company. In the appeal of the Pennsylvania Gas Company that company complained that the valuation by the commission of its property used and useful for the service of the public is inadequate and being adopted by the commission as the rate base, the rates fixed by the commission do not afford a fair and just return upon the property of the company and are, in effect, confiscatory.

We have considered all the evidence and the record as certified to us by the commission and, exercising our own independent judgment as to the law and the facts, are not convinced that the finding of the commission of the value of the property for rate-making purposes is confiscatory; in this conclusion all the judges who sat at the argument concur. The appeal of the Pennsylvania Gas Company must, therefore, be dismissed.

In the appeals by the City of Erie and the Borough of Warren (appeals Nos. 128 and 129, April Term, 1922), the contention of the appellants is that the valuation of the property determined by the Public Service Commission is too high and based upon a wrong theory. The judges who sat at the argument of these appeals are equally divided in opinion upon the essential question raised. They differ as to the theory of valuation of the gas holdings to be adopted for the purpose of a rate base. The commission found that the presently used and useful portions of the gas holdings should go into the rate base at $5,500,000. The difference in opinion is confined to this phase of the record.

Three judges agree the commission has authority to make the finding; that it is supported by sufficient evidence; that this court is bound by the facts so found (when the appeal is by the consumer alleging that the rate is too high) and may not require the commission to apply one economic theory of valuation for rate-making purposes as against another, not unlawful. These three judges agree that the Public Service Company Law confers authority upon the commission to value the gas

rights of this company, and that the original cost of acquiring such rights is only one element in determining their value, and that the exercise of its statutory function by the commission in this regard is legislative or administrative in character. These three judges agree that the commission erred in not considering and determining what allowance should be made for the value of the gasoline extracted from the gas involved in this proceeding, said gasoline representing revenue from the property upon which the commission had fixed a valuation; they find no other reversible error.

The other three judges are of opinion that in determining the fair value of the company's property for rate-making purposes, the gas holdings should be valued at their original cost; that though treated as real estate for many purposes, they are not of the same permanent character as ordinary land and the improvements thereon, but are consumed by use and after a term of years are wholly exhausted; that they should be treated, rather, as stored product which the company will sell in the course of years and eventually exhaust; that the purchase of additional gas rights, the reasonable cost of prospecting for gas, the drilling of wells, etc., should be allowed as operating charges, necessary to secure the product which the company sells; and that the commission erred as matter of law in capitalizing the company's gas holdings at their present value, and allowing a rate thereon, covering fair return and depreciation, as if such holdings were of a permanent character and not being constantly diminished and exhausted by use.

125. Appeal dismissed:

128, 129. Order affirmed by a divided court.